<u>ORAL ARGUMENT NOT YET SCHEDULED</u>

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                      )
UTILITY SOLID WASTE                   )
ACTIVITIES GROUP, *et al.*,           )
                                      )
      Petitioners,               )   No. 15-1219
                                      )   (Consolidated with 15-1221,
                                      )   15-1222, 15-1223, 15-1227,
                                      )   15-1228, and 15-1229)
                                      )
      v.                         )
                                      )
U.S. ENVIRONMENTAL PROTECTION         )
AGENCY,                               )
                                      )
      Respondent.                )
                                      )
_____)

**NON-BINDING STATEMENT OF ISSUES FOR PETITIONERS UTILITY SOLID WASTE ACTIVITIES GROUP, EDISON ELECTRIC INSTITUTE, NATIONAL RURAL ELECTRIC COOPERATIVE ASSOCIATION, AND AMERICAN PUBLIC POWER ASSOCIATION**

      Pursuant to this Court's Order dated July 17, 2015, Petitioners Utility Solid Waste Activities Group ("USWAG"), Edison Electric Institute ("EEI"), National Rural Electric Cooperative Association ("NRECA"), and American Public Power Association ("APPA") hereby submit their non-binding Statement of Issues to be raised in the above-captioned proceeding. The Statement of Issues is as follows:

(1) Whether EPA's regulation of inactive coal combustion residuals ("CCR") surface impoundments under the rule is in excess of statutory jurisdiction, authority, or limitations, short of statutory right, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) Whether the requirements that owners or operators of CCR units respond to "releases" under 40 C.F.R. §§ 257.90(d), 257.96(a) and 257.97(b)(3)-(4), is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and promulgated without observance of procedure required by law;

(3) Whether the requirement that owners or operators of existing CCR surface impoundments meet specified safety assessments and complete such assessments by no later than October 17, 2016 or cease operation of such impoundments and commence closure, is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law and promulgated without observance of procedure required by law;

(4) Whether the inclusion of any and all CCR piles, without any size or temporal limits, within the definition of a "CCR landfill" is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

2

(5) Whether the definition of "CCR beneficial use" is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law by including conditions on the beneficial use of CCR in amounts greater than 12,400 tons;

(6) Whether the omission of any consideration of non-CCR waste streams in evaluating whether a unit can qualify for the rule's "alternative closure" under 40 C.F.R. § 257.103 is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law and promulgated without observance of procedure required by law;

(7) Whether the requirements that CCR surface impoundments be designed, constructed, operated, and maintained with vegetated dikes or slopes not to exceed a height of 6 inches above the slope of the dike is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law and promulgated without observance of procedure required by law;

(8) Whether the requirement that existing unlined surface impoundments must cease the receipt of CCR and commence closure within a prescribed period of time upon detection of constituents above a groundwater protection standard is arbitrary, capricious, and abuse of

      discretion, or otherwise not in accordance with law and promulgated without observance of procedure required by law;

(9) Whether the elimination of the consideration of costs in 40 C.F.R. § 257.96(c) in the assessment of corrective measures is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law and promulgated without observance of procedure required by law;

(10) Whether the condition that an increase in costs or the inconvenience of existing capacity cannot be considered in qualifying for the alternative closure provision in 40 C.F.R. § 257.103 is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law; and

(11) Whether the constituents subject to rule's groundwater monitoring requirements and the mandatory use of background values for purposes of establishing a groundwater protection standard when there is no maximum contaminant level for a constituent is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law and promulgated without observance of procedure required by law.

USWAG retains the right to raise any additional issue at the time briefs are filed in these consolidated cases.

Respectfully submitted,


/s/ Douglas Green_____
Douglas Green
VENABLE LLP
575 7th Street NW
Washington, DC 20004
(202) 344-4483
dhgreen@venable.com

Counsel for Petitioners, Utility Solid
Waste Activities Group, *et al*.

Dated: August 17, 2015

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2015, I will electronically file this Agency Docketing Statement Form and Non-Binding Statement of Issues with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to those individuals registered with the system. I am also serving, by first class mail, a copy of the foregoing upon any attorneys of record identified as being served by alternative means in the Notice of Docket Activity generated by the Court's CM/ECF system.

                                              Respectfully submitted,

                                              /s/ Douglas H. Green____
                                              Douglas H. Green
                                              VENABLE LLP
                                              575 7th Street NW
                                              Washington, DC 20004
                                              (202) 344-4483
                                              dhgreen@venable.com

                                              Counsel for Petitioners, Utility Solid Waste Activities Group, *et al*.