<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| UTILITY SOLID WASTE ACTIVITIES GROUP, ET AL. )<br>)<br>　　Petitioners, )<br>)<br>　　　　　　　　　　　　　　　　　　　　)<br>)<br>v. )<br>)<br>UNITED STATES ENVIRONMENTAL )<br>PROTECTION AGENCY, ET AL., )<br>)<br>　　Respondents. )<br>_____ ) | Case No. 15-1219 (and consolidated cases) |

<u>**PETITIONER CITY UTILITIES OF SPRINGFIELD'S
NONBINDING STATEMENT OF ISSUES**</u>

　　Petitioner, the City of Springfield, Missouri, by and through the Board of Public Utilities ("City Utilities") filed its Petition for Review, assigned Case No. 15-1227 on July 16, 2015 (Doc. #1562844). That case was consolidated by Court Order dated July 17, 2015, with Case Nos. 15-1219, 15-1221, 15-1222, 15-1223, 15-1228 and 15-1229. In accordance with the deadlines set by this Court in its July 17, 2015 Order (Doc. #1563110), City Utilities is filing this preliminary and nonbinding statement of issues.

　　1.　　Whether Respondent Environmental Protection Agency ("EPA") acted arbitrarily, capriciously, or otherwise contrary to law through enacting

certain provisions of the "Hazardous and Solid Waste Management System; Disposal of Coal Combustion Residuals From Electric Utilities" rule (the "CCR rule"), specifically:

    A.    Sections 257.1, 257.50, and 257.52, by failing to exclude from the CCR rule or otherwise provide exception for landfills and impoundments which are approved and/or permitted under an existing state solid waste utility landfill or Clean Water Act regimen;

    B.    Section 257.53, by excluding underground coal mines or caves in the definition of a coal combustion residuals ("CCR") landfill, but not excluding underground "hard rock" mines, including underground limestone quarries;

    C.    Section 257.60, by requiring closure of existing impoundments if there is an "intermittent" hydraulic connection, and presuming without support that the undefined "intermittent connection" would result in adverse effects on health or the environment, rather than allowing a determination as to whether or not that is the case pursuant to Sections 257.93-98.

    D.    Sections 257.60-64, by imposing location restrictions for existing surface impoundments without adequate cost-to-benefit analysis, particularly with regard to small impoundments (less than 20

acres, less than 20 feet deep) since there is no showing of a reasonable probability of adverse effect on health or the environment from the potential failure of small impoundments;

E. Section 257.103 (a)(i) and (b)(1)(i), by not allowing a showing of a lack of alternative disposal capacity to be based on an increase in cost or inconvenience; and

F. Section 257.103(b)(2), by allowing CCR surface impoundments of 40 acres or less to continue operation only through 2023, while Section 257.103(b)(3) allows impoundments larger than 40 acres to continue through 2028.

2. Whether Section 257.53 is arbitrary and capricious and unconstitutionally vague, by defining a CCR surface impoundment as one that is designed to hold CCR and liquids, but failing to define coal combustion residuals or "liquids" in a manner which allows determination of what minimum levels or concentrations of either create an impoundment.

3. City Utilities reserves its right to modify or supplement this statement of issues as well as to address these and other issues in more detail in future pleadings.

        Respectfully submitted,

        <u>/s/ Thomas J. Grever</u>
        Thomas J. Grever
        Vanessa D.F. Dittman
        SHOOK, HARDY & BACON L.L.P.
        2555 Grand Blvd.
        Kansas City, MO 64108
        Tele: (816) 474-6550
        Fax:  (816) 421-5547

Dated: August 17, 2015        *Counsel for Petitioner*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2015, the foregoing Statement of Issues by City Utilities of Springfield was served by the Court's CM/ECF System on all counsel of record in this matter who have registered with the CM/ECF System.

        Respectfully submitted,

        /s/ Thomas J. Grever
        Thomas J. Grever
        *Counsel for Petitioner*