**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| ASSOCIATED ELECTRIC COOPERATIVE, INC., ) ) ) ) Petitioner, ) ) v. ) ) UNITED STATES ENVIRONMENTAL ) PROTECTION AGENCY, ) ) Respondent. ) ) | No. 15-1223 (consolidated with No. 15-1219 and other cases) |

**NONBINDING STATEMENT OF ISSUES OF
PETITIONER ASSOCIATED ELECTRIC COOPERATIVE, INC.**

Petitioner Associated Electric Cooperative, Inc., ("AECI") submits this preliminary and nonbinding statement of issues in this proceeding to review the final rule of respondent United States Environmental Protection Agency ("EPA") under the Resource Conservation and Recovery Act published at 80 Fed. Reg. 21,302 (Apr. 17, 2015), codified at 40 C.F.R. Part 257, and entitled "Hazardous and Solid Waste Management System; Disposal of Coal Combustion Residuals from Electric Utilities" (the "CCR Rule").

1. Whether EPA failed to give adequate notice and opportunity to comment, as required under the Administrative Procedure Act, 5 U.S.C. § 553(b)(3), by adopting regulations requiring the owner or operator of an existing CCR surface impoundment to (a) conduct an assessment by October 17, 2016, demonstrating that the calculated seismic factor of safety for the impoundment equals or exceeds 1.0 and, (b) if compliance with the specified seismic safety factor cannot be demonstrated by that date, cease placing CCR waste streams into such impoundment within six months thereafter and proceed to close the impoundment, as codified at 40 C.F.R. § 257.73(e), when no such requirement was stated in the proposed rule and nothing in the proposal gave notice that EPA was considering such a requirement.

2. Whether EPA acted arbitrarily, capriciously or otherwise contrary to law by adopting regulations requiring the owner or operator of an existing surface impoundment that cannot demonstrate compliance with the seismic safety factor specified in 40 C.F.R. § 257.73(e) to cease placing CCR waste streams into such impoundment within two years after promulgation of the CCR Rule without explaining the basis on which the agency concluded that it was feasible to meet this two-year deadline and despite information in the administrative record showing that a longer period was necessary.

3.  Whether EPA acted arbitrarily, capriciously or otherwise contrary to law by adopting regulations requiring the owner or operator of an existing surface impoundment that cannot demonstrate compliance with the seismic safety factor specified in 40 C.F.R. § 257.73(e) to cease placing CCR waste streams into such impoundment within two years after promulgation of the CCR Rule when that safety factor is defined on the basis of a seismic event that is expected to occur only once every 2500 years.

4.  Whether EPA acted arbitrarily, capriciously or otherwise contrary to law by adopting regulations requiring the owner or operator of an existing surface impoundment that cannot demonstrate compliance with the seismic safety factor specified in 40 C.F.R. § 257.73(e) to cease placing CCR waste streams into such impoundment within two years after the promulgation of the CCR Rule while in the same rulemaking adopting regulations that allow an existing CCR surface impoundment that does not meet the seismic impact zone location restriction under the CCR Rule at 40 C.F.R. § 257.63 to operate for four years after the promulgation the CCR Rule despite the fact that the two requirements are based on the same underlying seismic stability standard.

5.  Whether EPA acted arbitrarily, capriciously or otherwise contrary to law by adopting regulations that exclude from eligibility for the alternate closure

requirements under the CCR Rule, codified at 40 C.F.R. § 257.103, any existing CCR surface impoundment that is required to close for failure to demonstrate compliance with the seismic safety factor specified in 40 C.F.R. § 257.73(e) without any explanation and despite the fact that the seismic safety factor specified in 40 C.F.R. § 257.73(e) is defined on the basis of a seismic event that is expected to occur only once every 2500 years.

6. Whether EPA acted arbitrarily, capriciously or otherwise contrary to law by adopting regulations requiring the owner or operator of an existing CCR surface impoundment that does not meet the location restrictions for fault areas or seismic impact zones under 40 C.F.R. § 257.62 and 40 C.F.R. § 257.63 to cease placing CCR waste streams in such impoundment within four years after the promulgation of the CCR Rule rather than within five years, as provided in the proposed rule, without acknowledging this change from the proposal or explaining the basis on which the agency concluded that it was feasible for the regulated community to meet a shorter deadline than proposed despite facts in the record showing otherwise.

7. Whether EPA acted arbitrarily, capriciously or otherwise contrary to law by adopting regulations subjecting CCR landfills and CCR surface impoundments to the same substantive stability standard under the location

restriction for seismic impact zones under 40 C.F.R. § 257.63 despite the agency's finding that CCR surface impoundments pose substantially greater risks than CCR landfills.

8. Whether EPA acted arbitrarily, capriciously or otherwise contrary to law by adopting regulations applying the seismic impact area location restriction to both new CCR landfills and new CCR surface impoundments (and any lateral expansion of existing CCR landfills or surface impoundments) while applying this same location restriction only to existing CCR surface impoundments, and not to existing CCR landfills, on the basis of the agency's finding that CCR surface impoundments pose substantially greater risks than CCR landfills.

9. Whether EPA acted arbitrarily, capriciously or otherwise contrary to law by adopting regulations that establish a location restriction applicable to any new CCR landfill (and any lateral expansion of an existing CCR landfill) based on a seismic event that is expected to occur only once every 2500 years without a factual basis in the administrative record to support this standard and without evaluating the adverse environmental effects of transporting large quantities of CCR over long distances to alternate disposal facilities located outside of the seismic impact area where the location restriction applies.

10. Whether EPA acted arbitrarily, capriciously or otherwise contrary to law by adopting regulations establishing a substantive stability requirement for any new CCR landfill or any lateral expansion of an existing CCR landfill that is the same as the requirement for municipal solid waste ("MSW") landfills established by the agency in a prior rulemaking despite information in the administrative record regarding the different characteristics of CCR landfills and MSW landfills.

AECI reserves the right to raise any additional issues in the briefs to be filed in these consolidated cases.

Respectfully submitted,

/s/ Eric J. Murdock
Eric J. Murdock
Makram B. Jaber
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 955-1576
emurdock@hunton.com

*Counsel for Associated Electric Cooperative, Inc.*

Dated: August 17, 2015

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on this 17th day of August, 2015, a copy of the foregoing Nonbinding Statement of Issues of Petitioner Associated Electric Cooperative, Inc. was served electronically through the court's CM/ECF on all registered counsel.

                                  /s/ Eric J. Murdock
                                  Eric J. Murdock